■ In the Matter of GLORIA BALLIEN et al., Respondents, v. JANE RAMOS et al., Appellants, and HOWARD ALPERT et al., Constituting the Board of Elections of the County of Albany, Respondents. (Proceeding No. 1.) In the Matter of DAVID SAWYER et al., Appellants, v. GLORIA BALLIEN et al., Respondents, and HOWARD ALPERT et al., Constituting the Board of Elections of the County of Albany, Respondents. (Proceeding No. 2.) — Appeal from judgments of the Supreme Court, entered May 30, 1973 in Albany County which (1) validated the nominating petitions of petitioners in Proceeding No. 1 and (2) dismissed as moot the petitions in Proceeding No. 2. The appellants Ramos and Sawyer have objected to the petitions designating respondents Ballien and Feeley as candidates for the Democratic Party nomination for the Office of Alderman in the 7th and 12th Wards of the City of Albany on numerous grounds including the objection that several of the subscribing witnesses were not residents of the political unit as required by subdivision 3 of section 135. Unquestionably several of the subscribing witnesses in both designating petitions resided outside the boundaries of the newly constituted 7th and 12th Wards. The court below found, however, that the new political units had not been validly created at the time the petitions in question had been circulated, and, therefore, the petitions witnessed by the otherwise qualified witnesses were not required to be invalidated. Appellants challenge this finding arguing that the new districts were created on March 30, 1973 by the order entered on the decision in *Matter of Ramos* v. *Somerville* which prescribed a temporary reapportionment plan for purposes of the 1973 General Election. However, pursuant to section 3 of chapter 11 of the Laws of 1972 this order did not become final until 30 days after service of copies thereof upon the parties. Moreover, the Common Council did not create the new election districts until May 18, 1973. Under such circumstances it would be difficult, if not impossible, to expect the candidates to anticipate the political lines to be drawn and to choose witnesses from these anticipated units. It should be noted, however, that several of the challenged witnesses resided in the old 4th, 5th and 14th Wards, parts of which are to be included in the new 7th and 12th Wards. Under these circumstances the failure to comply with the strict language of section 135 of the Election Law could be understood and excused in an attempt to give the law the liberal construction required to effectuate the apparent will of the people. However, upon a review of the entire record we conclude that appellants were denied an opportunity to establish their claims of invalidity of the designating petition and were thus deprived of due process of law (*Goldberg* v. *Kelly,* 397 U.S. 254). We recognize that even if appellants were successful in their challenges to the individual signatures, they would not necessarily establish the invalidity of the petitions since respondents had maintained a

" cushion " over and above the number of signatures needed for a valid petition; nevertheless, appellants are entitled to a hearing not only to establish their specific objections but also such others as may appear at the hearing. (Election Law, § 330; 1 Gassman, Election Law Decisions and Procedure [2d ed., 1962], § 75.) While ordinarily we would remit the matter for a hearing on the objections and specifications, we are mindful that with the primary election a scant four days away, this is not realistically possible. We, therefore, conclude that a write-in primary for Democratic aldermanic candidates is required to achieve justice in this situation (*Matter of Ramos* v. *Alpert*, 41 A D 2d 1012 [decided herewith]). Nothing we hold herein affects the right of appellants Ramos and Sawyer to have their names included on the ballot. Appellants' contention that the court below lacked jurisdiction due to the commencement of Proceeding No. 1 upon unverified affidavits is without merit since in view of the exigent circumstances the court below properly granted respondents permission to verify the affidavits *nunc pro tunc* (*Matter of Gallagher* v. *Reilly*, 24 A D 2d 720, affd. 16 N Y 2d 843). Judgment reversed, on the law and the facts, without costs, and, in the exercise of discretion and in the interests of justice, a Democratic write-in primary is directed to be held on June 4, 1973 for the aldermanic offices involved herein. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.